IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2006 OCT 17 A 9: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CLETUS GRANNAN, )
    Petitioner, )
)
V. )
) CASE No. 2:06-cv-941-MEF
WARDEN/ACTING WARDEN, F.P.C.- )
MAXWELL AFB., MONTGOMERY, AL., )
    Respondent. )
)

<u>PETITION FOR WRIT OF HABEAS CORPUS, 28. U.S.C. §2241,</u>
<u>BY A PRISONER IN FEDERAL CUSTODY</u>

    **COMES NOW PETITIONER CLETUS GRANNAN**, by and through himself,- in Pro-Se, a prisoner in custody at Federal prison Camp, Montgomery, Alabama, and to petition this court for relief by Writ of Habeas Corpus. Petitioner would interpose **Haines V. Kerner**,(1972) -404 U.S. 519, 30 L. Ed. 2d 652, 92 S Ct 594,(Holding Pro-Se litigants to less stringent standards than actual lawyers).

    Petitioner challenges Respondents decision to deny him a full -(6)-six months Community confinement. Petitioner should be eligible for up to six(6) months "CC" placement under established Bureau of Prisons(**"BOP"**) policy, prior to his **10%** Date at the **10%** Date that he is eligible for home confinement, if granted every pre-release opportunity available to him. Mr. Grannan claims his transitional needs were never investigated. Therefore, to receive every pre-release opportunity available, the **BOP** must grant him C.C. placement prior to his **10%** Date.

**(PAGE ONE)**

## PARTIES

(1.) **Cletus Grannan, a federal inmate, plead guilty** in 2005, **and convicted,** pursuant to his plea, of conspiring to distribut **500 grams or more of methamphetamine,** in violation of **21 U.S.C. §§846,841(a)(1) and 841(b)(1)(A).** he was subsequently sentenced to a **70-month** sentence, Five Years Supervised Release, and remains at F.P.C. Montgomery serving this sentence. Petitioner's projected-release date, with good - time under <u>**18 USC §3624(B)**</u>, is <u>**5/31/09.**</u>
(2.) Petitioner has <u>no criminal record prior to the offense of conviction here.</u> He was duly self-employed at time with his own landscape/irrigation business. Petitioner has two-young sons, ages 3 and 6, and has close family ties. Therefore local incarceration would allow more important family contact.

(3.) The Respondent, Warden/acting warden, of F.P.C. MAXWELL, has the delegated authority vested by law in the BOP to :provide for the safekeeping care, and subsistence" of petitioner, <u>**18 U.S.C.§4042(a)(2).**</u> Specifically respondent is charged with the authority to approve any transfer from this Institution to anothet "appropriate and suitable" place of confinement, chossing any "available penal or correctional facility that meets minimum standards of health and habitability..., whether maintained by the Federal Government or otherwise..., **18 U.S.C. §3621(b).** This includes a trnsfer of petitioner to community confinement for the final portion of his sentence to facilitate release. <u>See</u> 28 C.F.R. §§571.10-573.13; BOP Program Statement("P.S.) 7310.04, <u>**Community Corrections Center-"CCC" Utilization and Transfer procedures**</u> ¶12.a., at 12(1988); P.S. 5107.07, Security Designation and <u>Custody-</u>

-<u>Classification Manual</u>, ch. 10, ¶2.g., at 8A (2002 rev.)-(procedures for "Pre-release Transfers"). The respondent is sued in his <u>official capacity</u>, both as person responsible for the challenged decision and as petitioner's immediate custodian.

### Jurisdictional Allegations

**4.** This Court has jurisdiction to issue Writ of Habeas Corpus and to grant relief as law and justice require under **28 U.S.C. §§1331, 2241(a), (c)(1) and 2243**, because petitioner is confined within the territorial jurisdiction under the color of of authority of the United States.

**5.** This court also has jurisdiction under **28 U.S.C. 1361**, to issue relief in the nature of a Writ of Mandamus, compelling the Respondent in his official capacity to perform duty owed to petitioner, that is, to refrain from denying him up to **180 full days of community confinement on the mistken premise** that such placement is prohibited by law. Declatory relief under **28 U.S.C. §2201** is also sought.

**6.** <u>ADMINISTRATIVE REMEDY</u>.
Petitioner has requested Community Confinement from his case manager. Petitioner has insisted that he is eligible and entitiled to <u>six months "CCC'placement</u>, and has been refused full grant of this request. The Prisoner Litigation Reform Act, including the provision at **42 U.S.C. §1997e(a) for Exhaustion of Administrative Remedies**, does not apply to prisoner's Habeas Corpus actions such as this one. Nor does any Statute or General Principles of habeas Corpus law require this Administrative Exhaution.*

(PAGE THREE)
*SEE ATTACHED INSTITUTION RESPONSE.

"The fact is... [18 USC]-§3624 obviosly supports the power of the BOP to place offenders in community confinement to serve their term of imprisonment"
BYRD V. MOORE 252 F. Supp. 2d 293 (WDNC 2003 ; CUTLER V.- UNITED STATES, 241 F. Supp. 2d 19 (D.D.C. 2003)

### IN CONCLUSION

The Respondents refusal to consider a full six-monhs half-way house and Community Confinement is contrary to the laws of the United States. Properly construing 18 U.S.C. 3621(b) and 3624(c), statutes para materia, and in longstanding practice, the BOP's general authority to designate a place of confinement under §3621(b) supplements the mandate of §3624(c), which encorages pre-release preparation and does not refer directly to halfway-houses, much less abridge their use. Thus, section 3624(c) does not act to restrict the general designation authority to approve halfway-house palcements commencing prior to an inmates 10% date. Under an appropriate exercise of discretion, unconstrained by mistaken legal limitations, Petitioner would likely be approved for up to six months halfway-house placement, prior to being allowed, during the last 10% of his term, to participate in home confinement.

The prior longstanding inerpretation of U.S.C. §§3621(b) and 3624(c) by the courts and the BOP itself is found in P.S. 7310.04, which allows CCC placement of "up o 180 days" (or more "with extraordinary justification" at the end of the time to be served, regardless of the sentence length. Id. ¶9.a(1), at 8.

(PAGE FOUR)

As stated there, after quoting the two stautes,-"Therefore, the Bureau **is not restricted by §3624(c)** in designating a CCC for an inmate and may place an inmate in a CCC <u>for more than the 'last ten per centum of the term</u>", or more than six months, if appropriate".<u>Id.</u> ¶15, at 3-4.

### IN RELIEF

That petitioner would pray upon this Honoarble court for the following relief-

To isse a temporary restraining order, preliminary injnction, or writ of mandamus,**28 U.S.C. 1361**, directing respondent to reconsider Petitioner for up **180 days**, or more placement in a Community Corrections Center, along with consideration of Home Confinement.

Or in the alternative, isse an order the respondent to appear in writing and therein clarify o Petitioner precisely what portion of Petitioner's sentence he may serve in community/home confinement.

This petition sworn under Title 28 U.S.C. §1746,

RESPECTFULLY SUBMITTED,

THIS  /2  DAY OF  OCTOBER, 2006

By-

_Cletus Grannan_
CLETUS GRANNAN, **PETITIONER**, PRO-SE
#41036-074, MOBILE-D
F.P.C. MAXWELL AFB, MONTGOMERY, AL.
                                    -36112

(PAGE **FIVE**)

## PROOF OF SERVICE

That I, Cletus Grannan, do hereby certify that I have caused a true copy of the foregoing Writ of Habeas Corpus to be placed in the mail-box of this Institution, United States Postage Paid, and addressed to the following party:

WARDEN, D. DREW,
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

So Sworn by Title 28, U.S.C. §1746,

-and Done,

THIS 12 DAY OF OCTOBER, 2006,

By-
/s/ Cletus Grannan
CLETUS GRANNAN, PETITIONER, PRO-SE
#41036-074, MOBILE UNIT
F.P.C. MAXWELL A.F.B. MONTGOMERY, AL.,
-36112

(PAGE SIX)

**U.S. Department of Justice**  
Federal Bureau of Prisons

**RESPONSE TO INMATE REQUEST**

---

From: **GRANNAN, Cletus**         41036-074         O03-011         **FPC Montgomery**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.         UNIT            INSTITUTION

**RESPONSE/DISPOSITION**

This is in response to your Inmate Request to Staff, dated July 26, 2006, wherein you requested six months Halfway House and six months Home Confinement.

The Bureau of Prisons' interpretation of its authority and procedures to place inmates in a Residential Reentry Center (RRC) or Home Confinement is that an inmate may not be placed in an RRC or Home Confinement until he reaches his 10% (pre-release preparation) date. Because your pre-release preparation date is May 30, 2009, we are unable request placement prior to May 30, 2009.

Given the aforementioned, your request for consideration has been granted; however, your request to be released to an RRC or Home Confinement prior to your 10% date is denied.

I trust this information is responsive to your concerns.

8/8/06                                                [signature]
_____                                              _____
DATE                                                 SIGNATURE


*I/m copy*

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) M. Stephens | DATE: 7-26-06 |
|---|---|
| FROM: Cletus J. Granwan | REGISTER NO.: 41036074 |
| WORK ASSIGNMENT: MWII | UNIT: Mob C-11 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I would like to find out about 6 mo Halfway house and 6 mo home confinement. what I need to do

Thank you

PRRD 5/30/2009
PRD 11/30/2009

(Do not write below this line)

DISPOSITION:

Please see attached response.

Signature Staff Member                   Date 8/3/2006

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94