IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLETUS GRANNAN, | ) |
|       Petitioner, | ) |
| v | )   Civil Action No.2:06cv941-MEF |
| DARLENE DREW, WARDEN, | ) |
|       Respondent. | ) |

**O R D E R**

On October 12, 2006 (Doc. No. 1), Petitioner filed the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging the calculation of his time for placement in a Community Confinement Center under 18 U.S.C. § 3624(c).[1] The undersigned finds from a review of the petition that it cannot be properly and effectively processed without a response from Respondent.

Accordingly, the Clerk of Court is DIRECTED to send a copy of the petition and this order to the United States Attorney for the Middle District of Alabama and to Warden Darlene Drew, Maxwell Federal Prison Camp. An answer shall be filed with the court and served upon Petitioner within 20 days of service on the United States Attorney for the Middle District. Respondent is directed to file the answer in accordance with the provisions of 28

---

[1] Although the instant petition was date-stamped "received" in this court on October 17, 2006, it was signed by Grannan on October 12, 2006. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the day it is signed by the inmate. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Accordingly, the court deems October 12, 2006, as the date of filing.

U.S.C. § 2243. Specifically, Respondent must show cause why the writ should not be granted and, when applicable, shall certify the true cause of Petitioner's detention. Additionally, the answer shall contain the sworn statements of all persons having knowledge of the subject matter of the petition. Authorization is hereby granted to interview all witnesses, including Petitioner. **Whenever relevant, copies of medical and/or psychiatric records shall be attached to the answer. Where Petitioner's claims or Respondent's defenses relate to or involve the application of administrative rules, regulations or guidelines, copies of all such applicable administrative rules, regulations or guidelines** shall be filed as exhibits in support of the answer.

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the petition may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. **Petitioner is cautioned that all amendments to the petition should be accompanied by a motion to amend and must be filed within ninety (90) days from the date of this order**.

The *Federal Rules of Civil Procedure* require that Petitioner mail to the lawyer for Respondent a true copy of anything which is sent to the court. Consequently, Petitioner is advised that she should mail to the United States Attorney for the Middle District of Alabama a true copy of anything that she sends to the court. Failure to do so may result in delaying

resolution of this case. Anything sent to the court should specifically state that it has been sent to the United States Attorney for the Middle District of Alabama .

Petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The Clerk of Court is DIRECTED to not accept for filing any pleadings submitted by Petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 6th day of July, 2007.

    /s/Charles S. Coody.
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE