IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLETUS GRANNAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **2:06-cv-941-MEF-CSC** |
| | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Maxwell, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,<br>UNITED STATES CODE, SECTION 2241</u>

Comes now the respondent, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and pursuant to the Court's Order of July 6,

2007, responds to the petition filed pursuant to 28 U.S.C. § 2241.

### I.    *Introduction*

Petitioner, Cletus Grannan, Reg. No. 41036-074, has filed a Petition for Writ of

Habeas Corpus pursuant to Title 28 U.S.C. § 2241.  The Petitioner alleges the Bureau of

Prisons (BOP) has wrongly denied him six month Community Corrections Center (CCC)[1]

placement contrary to the laws of the United States.  He requests the court to issue a

temporary restraining order, preliminary injunction, or writ of mandamus directing the

BOP to reconsider 180 days placement in an CCC facility and consideration of home

---

[1]The BOP no longer uses the term Community Corrections Center (CCC), but now uses
Residential Reentry Center (RRC).

confinement.

## II.    *Jurisdiction*

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which allows suit by confined persons who allege violations of law which make the duration of their confinement illegal.   Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).

## III.    *Parties*

a)      Petitioner is a 51-year-old male currently incarcerated at the Federal Correctional Institution (FCI) Beaumont Low.  At the time Grannan filed the petition he was incarcerated at the Federal Prison Camp (FPC), Montgomery, Alabama.  Petitioner was convicted of Conspiracy to Distribute 500 Grams or More of Methamphetamine in violation of Title 21 U.S.C. § 846(a)(1) and § 841 (b)(1)A) for a term of five years, and ten months.  <u>See</u> Defendant's Exhibit (DEX 1) Declaration of Steven Merendino, Attachment  1 -  Judgment in a Criminal Case, and Attachment 2 - Public Information Inmate Data.

b)      Petitioner has named Darlene Drew, Warden, Montgomery, Alabama, as Respondent.  The only proper Respondent in federal habeas cases is the custodian of the petitioner.  See 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711,

2717-18 (2004). The Warden is the proper Respondent.

### IV.    *Venue*

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained. A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody. *Hajduk v. U.S.*, 764 F.2d 795 (11th Cir. 1985). Venue is appropriate.

### V.    *Service of Process*

Title 28, United States Code, Section 2243 requires the custodian of the petitioner be served with a copy of the petition and order to show cause. On July 6, 2007, the court issued an Order directing the United States Marshal to serve a copy of the Petition on the named Respondent and the United States Attorney for the Middle District of Alabama. However, the Order did not include service upon the Attorney General of the United States

### VI.    *Exhaustion of Administrative Remedies*

_____The Eleventh Circuit mandates the petitioner must exhaust his administrative remedies before seeking relief in court in a § 2241 petition. *Skinner v. Wiley*, 355 F.3d 1293 (11th Cir. 2004). See *U. S. v. Mitchell*, 845 F.2d 951 (11th Cir. 1988) (federal district court lacks jurisdiction over federal prisoner's petition for jail time credit when

prisoner had not exhausted his administrative remedies with the Attorney General).  A prisoner must exhaust his administrative remedies prior to filing a § 2241 petition even if his release date has past.  *Gonzalez v. U. S.*, 959 F.2d 211 (11th Cir. 1992) (even though prisoner's presumptive release date has past and he remained incarcerated, he is required to exhaust his administrative remedies).  Unless an inmate exhausts his administrative remedies, the court is without jurisdiction to hear the claim.  *U. S. v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991), cert. denied, 503 U.S. 972 (1992).

The Bureau's Administrative Remedy Program, which applies to all inmates confined in institutions operated by the Bureau, is set out in 28 C.F.R. §542.10 et seq. The three-tiered review begins with the inmate filing a form that describes his complaint as well as his requested remedy.  The formal Administrative Remedy Request (BP-9) is filed with the Warden where the inmate is confined.  28 C.F.R. § 542.14(c)(1)&(4).  The Warden then responds to the inmate's formal complaint.  If dissatisfied with the Warden's response, the inmate may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director, 28 C.F.R. § 542.15 (a).  If dissatisfied with the response of the Regional Director, the inmate may submit an Appeal on the appropriate form (BP-11) to the General Counsel, 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal under the Bureau's Administrative Remedy Program.  28 C.F.R. §542.15(a).

The petitioner has failed to exhaust his administrative remedies, therefore, this

petition should be denied.  See - Defendant's Exhibit 2 (DEX 2), Declaration of Georganne Osborn.

**VII.    Facts**

On October 7, 2005, Petitioner was sentenced  to serve a 70 month sentence.  He was sentenced by Judge Collier, Eastern District of Tennessee on charges of Conspiracy to Distribute 500 Grams or More of Methamphetamine in violation of Title 21 U.S.C. § 846(a)(1) and § 841 (b)(1)A). Petitioner has a current projected release date of December 11, 2009, via Good Conduct Time Release.  Petitioner was previously incarcerated at the Federal Prison Camp (FPC), in Montgomery Alabama, from December 19, 2005, to June 8, 2007.  Petitioner was transferred to the Federal Correctional Complex (FCC) Low, in Beaumont, Texas, on July 19, 2007.  See, DEX 1 - Attachment 2 - Public Information Inmate Data.

Pursuant to BOP policy, staff begin release planning at the inmate's first team meeting which is the initial classification and Program Reviews continue through incarceration.  Eleven to thirteen months prior to the inmate's release date, a final and specific release preparation plan is conducted.  This release preparation plan would include a decision regarding an RRC referral.

On November 11, 2005, the required initial classification on Petitioner was conducted by unit team staff at the Federal Correctional Institution (FCI), in Edgefield, South Carolina.  He was informed that the unit team would make an RRC determination

eleven to thirteen months prior to his release date. <u>See</u>, DEX 1 - Attachment 4, page 2.

On January 17, 2007, the most recent Program Review was conducted with Petitioner at FPC Montgomery. He was again informed that any RRC recommendation would be made eleven to thirteen months prior to his release per BOP policy. <u>See</u>, DEX 1 - Attachment 5

Prior to December 2002, Program Statement 7310.04, <u>Community Corrections Center</u> (CCC) and Utilization and Transfer, <u>See</u>, DEX 1, Attachment 3 - PS 7310.04 , provided a prisoner might receive RRC placement up to six months, regardless of the length of his term and without regard to the ten percent limitation contained in § 3624©. *Bilinsky v. Bureau of Prisons*, No. 04-5379 (JEI) 2005 WL 1475558 at 2 (D. N.J.) (June 22, 2005). PS 7310.04, was based on the statutory interpretation that had "Section 3621(b) as taking precedence over section 3624(c) and as including RRCs within the definition of penal or correctional facilities. Id.; *Drew v. Menifee*, No. 04-9944, 2005 WL 525449, at 2 (S.D.N.Y. Mar. 4, 2005).

This practice ceased effective December 20, 2002, as a result of a Memorandum Opinion issued on December 13, 2002, by the Department of Justice Office of Legal Counsel (OLC) which concluded that the Bureau could not, under 18 U.S.C. 3621(b), generally designate inmates to serve terms of imprisonment in RRCs. The OLC further opined that if section 3621(b) were interpreted to authorize unlimited placements in RRCs, that would render meaningless the specific time limitations in 18 U.S.C. 3624©,

which limits the amount of time an offender sentenced to imprisonment may serve in

community confinement to the last ten percent of the prison sentence being served, not to

exceed six months.  Id.

On January 10, 2005, the Bureau finalized new rules regarding its categorical

exercise of discretion for designating inmates to community confinement when serving

terms of imprisonment.  See Community Confinement, 70 Fed. Reg. 1659 (Jan. 10, 2005)

(to be codified at 28 C.F.R. § 570,21).  The new regulations became effective February

14, 2005, and amended the Code of Federal Regulations.  The amended rule states:

> As a matter of policy, the amount of time that inmates may spend in
> community confinement (Community Corrections Centers (RRCs) and
> home confinement) to the last ten percent of the prison sentence being
> served, not to exceed six months.  The only exception to this policy are for
> inmates in specific statutorily-created programs that authorize greater
> periods of community confinement (for example, the residential substance
> abuse treatment program (18 U.S.C. § 3621(e)(2)(A)) or the shock
> incarceration program (18 U.S.C. § 4046 ©).

The amended rule allows for exceptions only when other statutes allow for placements

exceeding six months or ten percent of the sentence such as the RDAP and shock

incarceration program (Intensive Confinement Center program).  Id.

## VIII.  *Legal Analysis*

### a)     This Petition Should be Dismissed Because Only the BOP has the Authority to Determine the Housing of Inmates

The law is clear, the petitioner has no liberty interest in where he is housed.  The

BOP has the statutory authority to determine where federal prisoners are housed.  See 18

U.S.C. §3621.  The courts have long recognized the broad discretion of the BOP in this

area.  See *United States ex. rel. Gereau v. Henderson*, 526 F.2d 889 (5th Cir. 1976);

*United States v. Williams*, 65 F.3d 301 (2nd Cir. 1995).   The Supreme Court recognized

in *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), that a prisoner does not have a

constitutional right to be housed in any particular institution, or even in any particular

jurisdiction.  The Constitution does not require an inmate to be placed in the least

restrictive institution available, nor does he have the right to be transferred anywhere else.

Based upon the BOP's broad discretion to determine where the petitioner serves his

sentence.

Although the petitioner would like to believe he would have been able to serve six

months of his sentence in a halfway house, there is no guarantee he would get the benefit

of past BOP policy.  BOP past practice may have been to give inmates six months in a

halfway house, Petitioner was not promised the same would be done for him.  Petitioner

has no legal right to community confinement.  The Ninth Circuit recognized in United

States v. Laughlin, 933 F.2d 786 (9th Cir. 1991), nothing in the statute even requires the

BOP to send an inmate to a halfway house; it is at the BOP's discretion.  The petitioner

was not promised or guaranteed RRC placement.  Therefore, he cannot hold the BOP to a

promise that does not exist.

   b)    **The Petitioner's Claims Fail on the Merits**.

Prison official's classification decisions, such as where an inmate should be

designated, are completely discretionary.  See, *McKune v. Lile*, 536 U.S. 24, 39 (2002)(no

liberty interest in transfers, citing previous Supreme Court Cases); *Cohen v. United*

*States*, 151 F.3d 1338 (11th Cir. 1998), cert. denied 526 U.S. 1130 (1999) (BOP

classification decisions, particularly designation decisions, are clearly discretionary);

*Whitethorn v. Harrelson*, 758 F.2d 1416, 1421-22 (11th Cir. 1985) (Due Process Clause

creates no liberty interest in being in work release program).  *Mitchell v. Hicks*, 614 F.2d

1016, 1018 (5th Cir. 1980) (inmate has no liberty interest in place of confinement).  See

also, *Gambino v. Gerlinski*, 96 F. Supp.2d 456, 459 ( 2000) (holding refusal to provide

prisoner with a reasonable amount of RRC placement or home confinement did not

violate his due process rights.  Statute providing prisoner with a right, if practicable, to

some reasonable period of RRC placement before his sentence expired merely expressed

non-binding guidelines and did not create a liberty interest.)  See *Poston v. Bureau of*

*Prisons*, Civil Action No. CV-104-087 (S.D. Ga. July 13, 2004) (Borough, D.) (Exhibit

12).  In *Poston*, the district court denied the petitioner's habeas petition and motion for

preliminary injunction. The court ruled among other things, "18 U.S.C. § 3624© clearly

and unambiguously limits the BOP's authority to a period not to exceed ten percent of an

inmate's time."  CV-104-087, pg. 8[2].

---

[2]  Regarding whether the new BOP rule violates the Administrative Procedures Act, courts in the 11th Circuit are split.  See Poston, supra;  Estes v. Federal Bureau of Prisons, 273 F. Supp. 2d 1301 (S.D. Ala. 2003) (Butler, J.); Hurt v. Federal Bureau of Prisons, 5:03-cv-265-4 (M.D. Ga., August 29, 2003) (Fitzpatrick, J.); McDonald v. Federal Bureau of Prisons, CV-1:03-235-RWS (N.D. Ga., Feb. 14, 2003) (Story, J.).  These decisions conclude that the mandate of the December 16, 2002, memorandum constituted a rule limiting the discretion of the BOP, and

c)    **The Petition Should Be Dismissed As It Is Not Ripe.**

Petitioner is not within the eleven to thirteen months of release and therefore is not entitled to an RRC recommendation at this time. "Rather, the regulation only requires that the BOP make an RRC placement assessment at least eleven to thirteen months prior to the inmate's release date." *Nicols v. Smith*, 2007 WL 1888795. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

IX.    *Conclusion*

Based on the foregoing, Grannan's petition should be denied.

Respectfully submitted this 30th day of August, 2007.

LEURA G. CANARY
United States Attorney

By:    s/R. Randolph Neeley
       R. Randolph Neeley
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  rand.neeley@usdoj.gov

---

thus, was subject to the notice and comment process.

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed,

by United States Postal Service, a copy of same to the following non-CM/ECF

participant(s):

> Cletus Grannan, 41036-074
> FCI Beaumont Low
> Federal Correctional Institution
> P.O. Box 26020
> Beaumont, TX 77720

>                     s/R. Randolph Neeley
>                     Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### MONTGOMERY DIVISION

| | | |
|---|---|---|
| **CLETUS GRANNAN** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:06CV941** |
| | § | |
| **WARDEN, FPC MONTGOMERY** | § | |
| | § | |
| **Respondent** | § | |
| | § | |

## DECLARATION OF STEVEN MERENDINO

In accordance with 28 U.S.C. § 1746, I, Steven Merendino, make the following unsworn

declaration, under penalty of perjury, pertinent to the above styled and numbered cause:

1. I am presently employed and have since April of 2005, been employed by the United

States Department of Justice, Federal Bureau of Prisons (BOP) as a Case Manager for the

Federal Correctional Complex, Low Security Institution, Beaumont, Texas (FCC Beaumont -

Low). I have been employed by the BOP since 2002. As part of the official responsibilities and

duties of my position, I am responsible for ensuring inmates on my case load receive proper

custody classification scoring, conducting Program Reviews for inmates at specified periods of

time, and referring inmates to Residential Reentry Centers (RRC) when they are eligible under

applicable BOP policy. I also have access to BOP records due to my official position.

2. It is my understanding Petitioner, inmate Cletus Grannan, register number

41036-074, has filed a petition for a Writ of Habeas Corpus, alleging he is entitled to six months

of RRC placement.



3. On August 19, 2005, Petitioner was sentenced in the U.S. District Court for the Eastern District of Tennessee, to a 70-month term of imprisonment after he pled guilty to Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Attachment 1, true and correct copy of the Judgment in a Criminal Case for Cletus Grannan, Case No. 1:04CR136-001, U.S. District Court for the Eastern District of Tennessee. Petitioner was previously at the Federal Prison Camp in Montgomery, Alabama (FPC Montgomery) from December 19, 2005 to June 8, 2007. He arrived at FCC Beaumont - Low on July 19, 2007. *See* Attachment 2, true and correct copy of the Public Information Data for Cletus Grannan, as of July 27, 2007. His current projected release date is December 11, 2009, via Good Conduct Time release. *Id.* at 1.

4. Under Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure,</u> staff are to begin release planning at an inmate's first team meeting, which is usually at initial classification, and shall continue throughout the inmate's confinement. Attachment 3, true and correct copy of Program Statement 7310.04, page 7.[1] A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date. *Id.* On November 11, 2005, Unit Team staff at the Federal Correctional Institution in Edgefield, South Carolina conducted the required initial classification on inmate Grannan and informed him that the Unit Team would refer him for CCC placement 11 to 13 months prior to his release. *See* Attachment 4, true and correct copy of a Program Review Report for inmate Grannan, dated November 11, 2005, page 2.

---

[1] A complete copy of Program Statement 7310.04 is available via the BOP's website at www.bop.gov.

5. During the most recent Program Review for inmate Grannan on January 17, 2007, Unit Team staff at FPC Montgomery again informed him that a CCC recommendation would be discussed with him 11-13 months prior to release. Attachment 5, true and correct copy of a Program Review Report for inmate Grannan, dated January 16, 2007.

6. Unit Team staff at FCC Beaumont - Low have not formally considered inmate Grannan for CCC placement due to him not being within 11 to 13 months of his release date. Once he is within this time frame, staff will begin to review his file and attempt to obtain a CCC date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 27 day of July, 2007.

Steven Merendino
Case Manager
Federal Correctional Complex - Low
Beaumont, Texas

Page 3 of 3

# Attachment 1

EDTN    Judgment in a Criminal Case (Rev. 3/04)
        Sheet 1

# United States District Court
## Eastern District of Tennessee

UNITED STATES OF AMERICA

v.

CLETUS GRANNAN

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:    1:04-CR-136-001

Bryan Hoss
Defendant's Attorney

**THE DEFENDANT:**

[✓]    pleaded guilty to count(s): One of the Indictment
[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(A) | Conspiracy to Distribute 500 Grams or More of Methamphetamine | 3/31/04 | One |

The defendant is sentenced as provided in pages 2 through  6  of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553.

[ ]    The defendant has been found not guilty on count(s) ___ .

[✓]    Count(s) Five, Six, and Seven of the Indictment   [ ] is   [✓] are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

8/19/05
Date of Imposition of Judgment

/s/
Signature of Judicial Officer

CURTIS L. COLLIER, United States District Judge
Name & Title of Judicial Officer

Date

EDTN  Judgment in a Criminal Case (Rev. 3/04)
      Sheet 2 — Imprisonment

DEFENDANT:      CLETUS GRANNAN
CASE NUMBER:    1:04-CR-136-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
70 months .

[✓]   The court makes the following recommendations to the Bureau of Prisons:

      Defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment
      Program.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
      [ ] at ___ [] a.m.   [] p.m.  on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _10-13-05_     to   _FCI EDGe, SC_

at _____ , with a certified copy of this judgment.

_M. Zent Werden_
UNITED STATES MARSHAL

By _CPL___ (T laven By_
DEPUTY UNITED STATES MARSHAL

EDTN Judgment in a Criminal Case (Rev. 3/04)
Sheet 3 — Supervised Release

DEFENDANT:         CLETUS GRANNAN
CASE NUMBER:       1:04-CR-136-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _5 years_.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EDTN Judgment in a Criminal Case (Rev.3/04)
   Sheet 3A - Supervised Release

Judgment - Page 4 of 6

DEFENDANT:     CLETUS GRANNAN
CASE NUMBER:   1:04-CR-136-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

EDTN  Judgment in a Criminal Case (Rev. 3/04)
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:      CLETUS GRANNAN
CASE NUMBER:   1:04-CR-136-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. § 3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS: | $_ | $_ | |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] The interest requirement is waived for the  [ ] fine and/or   [ ] restitution.

[ ] The interest requirement for the   [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

EDTN  Judgment in a Criminal Case (Rev. 3/04)
      Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT:        CLETUS GRANNAN
CASE NUMBER:      1:04-CR-136-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [✓]  Lump sum payment of $ 100.00  due immediately, balance due

          [ ] not later than _, or
          [✓] in accordance with        [ ]C,    [ ]D, or [ ]E or [✓]F below; or

B    [ ]  Payment to begin immediately (may be combined with          [ ]C,    [ ]D, or  [ ]F below); or

C    [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to
          commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to
          commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✓]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:


[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

# Attachment 2

```
BMAD8              *       PUBLIC INFORMATION          *       07-27-2007
PAGE 001           *         INMATE DATA               *       13:48:58
                             AS OF 07-27-2007

REGNO..: 41036-074 NAME: GRANNAN, CLETUS

                    RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 409-727-8172   FAX: 409-626-3500
                                            RACE/SEX...: WHITE / MALE
FBI NUMBER.:                                DOB/AGE....:        / 51
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 12-11-2009                     PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL   ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP  DATE/TIME
BML   A-DES      DESIGNATED, AT ASSIGNED FACIL  07-19-2007 1620 CURRENT
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  07-19-2007 1720 07-19-2007 1720
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-19-2007 1030 07-19-2007 1720
OKL   HLD REMOVE HOLDOVER REMOVED               07-19-2007 0930 07-19-2007 0930
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  07-09-2007 1705 07-19-2007 0930
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL  07-09-2007 1805 07-09-2007 1805
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-09-2007 0908 07-09-2007 1805
ATL   HLD REMOVE HOLDOVER REMOVED               07-09-2007 0908 07-09-2007 0908
ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  05-07-2007 1720 07-09-2007 0908
B03   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-07-2007 1720 05-07-2007 1720
B03   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-07-2007 1714 05-07-2007 1720
CMY   TRANSFER   TRANSFER                       05-07-2007 1614 05-07-2007 1614
CMY   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  05-07-2007 1400 05-07-2007 1614
3-U   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-07-2007 1500 05-07-2007 1500
3-U   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-07-2007 1330 05-07-2007 1500
CMY   TRANSFER   TRANSFER                       05-07-2007 1230 05-07-2007 1230
CMY   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  04-28-2007 1310 05-07-2007 1230
3-U   RELEASE    RELEASED FROM IN-TRANSIT FACL  04-28-2007 1410 04-28-2007 1410
3-U   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-28-2007 1355 04-28-2007 1410
MON   TRANS SEG  TRANSFER-SEGREGATION           04-28-2007 1255 06-08-2007 1345
MON   A-DES      DESIGNATED, AT ASSIGNED FACIL  12-19-2005 1310 04-28-2007 1255
B03   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-19-2005 1410 12-19-2005 1410
B03   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-19-2005 0600 12-19-2005 1410
ATL   HLD REMOVE HOLDOVER REMOVED               12-19-2005 0600 12-19-2005 0600
ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  12-07-2005 1407 12-19-2005 0600
B03   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-07-2005 1407 12-07-2005 1407
B03   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-07-2005 1015 12-07-2005 1407
EDG   TRANSFER   TRANSFER                       12-07-2005 1015 12-07-2005 1015
EDG   A-DES      DESIGNATED, AT ASSIGNED FACIL  10-13-2005 0910 12-07-2005 1015
B03   RELEASE    RELEASED FROM IN-TRANSIT FACL  10-13-2005 0910 10-13-2005 0910
B03   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-13-2005 0649 10-13-2005 0910
ATL   HLD REMOVE HOLDOVER REMOVED               10-13-2005 0649 10-13-2005 0649
ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   10-06-2005 2007 10-13-2005 0649
1-T   RELEASE    RELEASED FROM IN-TRANSIT FACL  10-06-2005 2007 10-06-2005 2007
1-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-28-2005 1606 10-06-2005 2007
CNV   ADMIN REL  ADMINISTRATIVE RELEASE         09-28-2005 1506 09-28-2005 1506


G0002      MORE PAGES TO FOLLOW . . .
```

```
BMAD8            *        PUBLIC INFORMATION        *      07-27-2007
PAGE 002         *           INMATE DATA            *      13:48:58
                             AS OF 07-27-2007
```

REGNO..: 41036-074 NAME: GRANNAN, CLETUS

```
                    RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 409-727-8172    FAX: 409-626-3500
CNV    A-ADMIN      ADMINISTRATIVE ADMISSION       09-28-2005 1501 09-28-2005 1506
```

G0002        MORE PAGES TO FOLLOW . . .

```
BMAD8           *        PUBLIC INFORMATION        *      07-27-2007
PAGE 003        *          INMATE DATA             *      13:48:58
                         AS OF 07-27-2007
```

REGNO..: 41036-074 NAME: GRANNAN, CLETUS

```
                    RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 409-727-8172     FAX: 409-626-3500
PRE-RELEASE PREPARATION DATE: 06-11-2009
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 12-11-2009 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: TENNESSEE, EASTERN DISTRICT
DOCKET NUMBER...................: 1:04-CR-136-001
JUDGE...........................: COLLIER
DATE SENTENCED/PROBATION IMPOSED: 08-19-2005
DATE COMMITTED..................: 10-07-2005
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00        $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 391
OFF/CHG: 21 USC 846,841(A)(1)AND 841(B)(1)(A):CONSPIRACY TO DISTRIBUTE
         500 GRAMS OR MORE METHAMPHETAMINE.

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    70 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 03-31-2004
```

G0002      MORE PAGES TO FOLLOW . . .

```
  BMAD8         *        PUBLIC INFORMATION       *      07-27-2007
PAGE 004 OF 004 *           INMATE DATA           *      13:48:58
                        AS OF 07-27-2007

REGNO..: 41036-074 NAME: GRANNAN, CLETUS

                RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 409-727-8172   FAX: 409-626-3500
-------------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-07-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-18-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-19-2005
TOTAL TERM IN EFFECT............:    70 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS      10 MONTHS
EARLIEST DATE OF OFFENSE........: 03-31-2004

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     09-20-2004     09-20-2004
                                     10-06-2004     10-18-2004
                                     11-15-2004     08-18-2005

TOTAL PRIOR CREDIT TIME.........: 291
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 263
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 12-11-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-31-2010


PROJECTED SATISFACTION DATE.....: 12-11-2009
PROJECTED SATISFACTION METHOD...: GCT REL




S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Attachment 3

PS 7310.04
12/16/98
Page 7

(5)  Intensive Confinement Center (ICC).  A lengthy period
of Community Corrections Center confinement follows the
completion of the ICC program's institutional phase.  The CCC
time is divided among the restrictive Community Corrections
Component, the Prerelease Component, and Home Confinement.
Specific referral procedures are outlined in the ICC Program
Statement.

8.  RELEASE PLAN.  Staff shall begin release planning at an
inmate's first team meeting, normally the initial classification,
and shall continue throughout the inmate's confinement.  The
following guidelines apply:

   a.  Planning early in an inmate's period of confinement is
necessary to ensure release preparation needs are identified and
appropriate release preparation programs are recommended.

   b.  Preliminary decisions regarding eligibility for CC Programs
are to be made well in advance of the last year of confinement.

   c.  A final and specific release preparation plan, including a
decision as to CCC referral, is normally established at a team
meeting no later than 11 to 13 months before an inmate's
projected release date.

9.  CCC CRITERIA AND REFERRAL GUIDELINES

   a.  Regular Referrals.  Staff shall make recommendations for
CCC placements based on assessments of inmate needs for services,
public safety, and the necessity of the Bureau to manage its
inmate population responsibly.  CCCs are a program element and
are not to be used as a reward for good institutional behavior,
although an inmate's institutional adjustment may be a factor in
making a referral determination.

   A number of factors must be weighed to determine the length of
CCC placement for inmates, including their individual needs and
existing community resources.  Ordinarily, inmates with shorter
sentences do not require maximum CCC placement due to reduced
transition needs.  Additionally, inmates who are required to
spend a portion of time in a CCC as a condition of release (i.e.
supervised release or court order) do not require an extended
Bureau CCC placement.  For example, if the Unit Team determines
the inmate needs a six month CCC placement, but the inmate is
required to stay in a CCC for 90 days as a condition of release,
then the institution shall ordinarily refer the inmate for a 60-
90 day CCC placement.

# Attachment 4

```
  EDGBF              *        PROGRAM REVIEW REPORT          *     11-11-2005
  PAGE 001                                                         07:48:54

INSTITUTION: EDG  EDGEFIELD FCI

NAME........: GRANNAN, CLETUS                      REG. NO: 41036-074
RESIDENCE..: CLEVELAND, TN 37312

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _____   5/5/06

PROJ. RELEASE DATE..: 11-30-2009           RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                 HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:   5/06        DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y          IF YES, RECONCILED (Y/N):  Pending

PENDING CHARGES.....:  None are in file

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: Yes
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY    - - - - - - CURRENT ASSIGNMENT - - - - - - -   EFF DATE    TIME

CMA         PROG RPT       NEXT PROGRESS REPORT DUE DATE   10-13-2006  1346
CMA         RPP NEEDS      RELEASE PRSP PGM NEEDS          10-15-2005  1348
CMA         V94 CDA913     V94 CURR DRG TRAF ON/AFT 91394  10-15-2005  1253
CUS         OUT            OUT CUSTODY                     09-29-2005  0724
DRG         DRG I RQ J     DRG INTRV REQD: JUD RECOMMEND   10-15-2005  1357
DRG         ED WAIT R      DRUG EDUCATION WAIT-REQUIRED    10-25-2005  1131
EDI         GED UNK        GED STATUS UNKNOWN              10-06-2005  2007
FRP         UNASSG         FINANC RESP-UNASSIGNED          09-28-2005  1501
LEV         MINIMUM        SECURITY CLASSIFICAT'N MINIMUM  09-28-2005  1506
MDS         REG DUTY       NO MEDICAL RESTR--REGULAR DUTY  10-17-2005  0818
MDS         YES F/S        CLEARED FOR FOOD SERVICE        10-17-2000  0818
QTR         Z03-115LAD     HOUSE Z/RANGE 03/BED 115L AD    11-02-2005  1815
RLG         PROTESTANT     PROTESTANT                      10-15-2005  1350
WRK         ADM UNASSG     ADMINISTRATIVE DETENTION        10-19-2005  1526

WORK PERFORMANCE RATING:   New arrival; evala at the
  nxt review .

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:    Clean conduct


FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $_____

FRP PAYMENTS PAST 6 MO:  $_____    OBLG BALANCE: $_____

CURRENT FRP PLAN: $_____     PAYMENTS COMMENSURATE: YES____ NO____

IF NO, NEW PAYMENT PLAN: _____
```

EDGBF                    *         PROGRAM REVIEW REPORT              *         11-11-2005
PAGE 002                                                                       07:48:54

RELEASE PREPARATION PARTICIPATION: _Refer 30 mths. prior to_
_release_

CCC RECOMMENDATION: _Refer 11-13 mo. Thr. prior to release_

PROGRESS MADE SINCE LAST REVIEW: _New arrivals assess at the_
_nx't review_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _Maintain clean_
_conduct and receive good work and_
_sanitation report - Ellis data will be_
_reviewed at the nx't team - Make the next_
_scheduled FRP payment 12/05 of $25.00_

LONG TERM GOALS: _Maintain contact w/ his_
_immediate family over the next year -_
_Encourage visits; make calls; write letters_
_- Submit request for FD at when eligible_
_30 mo. bf. prior to release._
_- Aware of restrictions due to drug trafficking offense_
_- Discussed RPP recommendation_

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

_Transferring to another facility_

_TV - redem -_

_Inquired about furlough transfer when_
_designated - consult CMC_

EDGBF                    *        PROGRAM REVIEW REPORT              *        11-11-2005
PAGE 003 OF 003                                                              .07:48:54

SIGNATURES:

UNIT MANAGER: ___P.Moreau for___        INMATE: _____

          DATE: ___11/11/05___              DATE: ___11/11/05___

# Attachment 5

```
MON22                    PROGRAM REVIEW REPORT              01-16-2007
PAGE 001                                                    14:27:40
```

INSTITUTION: MON  MONTGOMERY FPC

NAME.......: GRANNAN, CLETUS                    REG. NO: 41036-074
RESIDENCE..: CLEVELAND, TN 37312

TYPE OF REVIEW......: INITIAL CLASSIFICATION/~PROGRAM REVIEW~
NEXT REVIEW DATE....:  *7-17-07*

PROJ. RELEASE DATE..: 11-30-2009          RELEASE METHOD..: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE....: NONE

DATE OF NEXT CUSTODY REVIEW:  *1/08*      DETAINERS (Y/N): N

CIM STATUS (Y/N)....: ~N~      IF YES, RECONCILED (~Y~/N): *Yes*

PENDING CHARGES.....:  *None*

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (~Y~/N)....: *Yes*
   IF YES - CIRCLE ONE ~DRUG TRAFFICKING~/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | - - - - - | - CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|----------|-----------|-------------------------------------|----------|------|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 10-13-2008 | 1346 |
| CMA | RPP PART | RELEASE PREP PGM PARTICIPATES | 01-11-2006 | 1839 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 10-15-2005 | 1253 |
| CUS | COM | COMMUNITY CUSTODY | 07-17-2006 | 1619 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 05-05-2006 | 1000 |
| DRG | DRG I RQ J | DRG INTRV REQD: JUD RECOMMEND | 10-15-2005 | 1357 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 11-16-2005 | 1344 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-20-2005 | 1151 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 07-26-2006 | 1723 |
| LEV | MINIMUM | SECURITY CLASSIFICAT'N MINIMUM | 09-28-2005 | 1506 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 10-17-2005 | 0818 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 10-17-2000 | 0818 |
| QTR | OO3-011U | HOUSE O/RANGE 03/BED 011U | 03-22-2006 | 1037 |
| RLG | PROTESTANT | PROTESTANT | 10-15-2005 | 1350 |
| WRK | MW-11 | GOLF COURSE MAINT | 08-02-2006 | 0001 |

WORK PERFORMANCE RATING:  *Has Maintained Outstanding Work and Good Other reports*

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  *Has Maintained clear conduct*

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $_____

FRP PAYMENTS PAST 6 MO: $_____      OBLG BALANCE: $ *0*

CURRENT FRP PLAN: $_____      PAYMENTS COMMENSURATE: YES_____ / NO_____

```
MON2Z                *        PROGRAM REVIEW REPORT        *        01-16-2007
PAGE 002                                                           14:27:40
```

IF NO, NEW PAYMENT PLAN: *F&I Complete*

RELEASE PREPARATION PARTICIPATION: *RM-Part, Self Confidence Complete Money Mgt*

CCC RECOMMENDATION: *Will discuss at 11-13 months to release*

PROGRESS MADE SINCE LAST REVIEW: *Maintained clear conduct and participate in recreational activities Walbers at least 3 times weekly*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *(1) Maintain clear Conduct until 7-17-07 (2) Complete Money Mgt by 7-17-07*

LONG TERM GOALS: *(1) Obtain gainful employment by 11-30-09 (2) Known facilities by 11-30-09*

MON2Z              *          PROGRAM REVIEW REPORT              *          01-16-2007
PAGE 003 OF 003                                                            14:27:40

OTHER INMATE REQUESTS/TEAM ACTIONS: *No Request*

*407/403 Reviewed*

*Visitation Reviewed*

_____

_____

_____

_____

_____

SIGNATURES:

CHAIRPERSON: _____          INMATE: _____

         DATE: _____1/17/07_____                DATE: ___1 17 07___

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Cletus Grannan | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-941-MEF |
| | ) | |
| D. B. Drew | ) | |
| | ) | |
| Respondent. | ) | |

Declaration of Georganne Osborn

I, Georganne Osborn, do hereby certify, declare, and state as follows:

1.      I am employed by the Federal Bureau of Prisons (Bureau) as a Paralegal Specialist at the Southeast Regional Office, Atlanta, Georgia. I have held this position since April 2003.

2.      As a Paralegal Specialist, I have access to the computerized records of the Administrative Remedy Complaints which is described at 28 C.F.R. §. 542.10, Administrative Remedy Procedures for Inmates.

3.      28 C.F.R. §542 et. seq., contains the guidelines an inmate must follow to exhaust his administrative remedies within the Bureau of Prisons. This three-tiered process is a method whereby an inmate may seek redress for the deprivation of any right to which he is entitled or to which he feels entitled. The process consists of the first addressing the complaint to the Warden of the facility where he is housed (BP-9). If dissatisfied with the Warden's response, the inmate must then file an appeal with the Regional Director of the region in which the inmate is located (BP-10). If the inmate is not satisfied with the response of the Regional Director, he must then appeal the decision to the General Counsel (BP-11). A decision by the Bureau of Prisons is not final, until relief has been denied at the national level.

Grannan v. Drew; 2:06-cv-941-MEF
Declaration of Georganne Osborn
Page 2

4.    I have reviewed the Administrative Remedy Log for Petitioner, Cletus Grannan, Federal

Register Number 41036-074.  The computerized log reflects Petitioner has not filed an

administrative remedy since his incarceration.  Therefore, he has not exhausted his

Administrative Remedies regarding his Community Corrections Center (CCC) placement.


        I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing

is true and correct to the best of my knowledge and belief.


Executed this 24th day of July 2007.


                                        Georganne Osborn
                                        Paralegal Specialist
                                        Federal Bureau of Prisons
                                        Southeast Region

FUNCTION: LST SCOPE: REG   EQ 41036-074   OUTPUT FORMAT: FULL
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _        RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____      ____        ____        ____       ____        ____
TRACK:  DEPT: ____      ____        ____        ____       ____        ____
     PERSON: ____       ____        ____        ____       ____        ____
       TYPE: ____       ____        ____        ____       ____        ____
EVNT FACL: EQ ____      ____        ____        ____       ____        ____
RCV FACL.: EQ ____      ____        ____        ____       ____        ____
RCV UN/LC: EQ ____      ____        ____        ____       ____        ____
RCV QTR..: EQ ____      ____        ____        ____       ____        ____
ORIG FACL: EQ ____      ____        ____        ____       ____        ____
ORG UN/LC: EQ ____      ____        ____        ____       ____        ____
ORIG QTR.: EQ ____      ____        ____        ____       ____        ____

G5152     NO REMEDY DATA EXISTS FOR THIS INMATE