IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLETUS GRANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv941-MEF |
| | ) | [WO] |
| | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Maxwell, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief

filed by Cletus Grannan ["Grannan"], a federal inmate.  In this petition, Grannan complains

that the Bureau of Prisons has unlawfully failed to consider him for placement in a

Community Corrections Center[1] in accordance with their policies.[2]  On August 30, 2007, the

respondent filed a response to the petition in which he argues that the application for habeas

corpus relief should be dismissed because Grannan has failed to exhaust available

administrative remedies.[3]  Specifically, the respondent contends that Grannan's claim must

---

[1]  The Bureau of Prison now refers to these centers as "Residential Re-entry" Centers.

[2]  The challenged policy addresses the Bureau of Prison's authority to transfer federal prisoners to community confinement eleven to thirteen months prior to his release date in accordance with 18 U.S.C. § 3624(c).

[3]  The respondent also argues that the petitioner is entitled to no relief because (1) his claims are not ripe for review; (2) he has no liberty interest in his place of incarceration; and (3) the Bureau of Prisons' decisions regarding prisoner placement are entirely discretionary. *See* Doc. # 17.  The court pretermits discussion of these issues because the court concludes that Grannan has failed to exhaust his administrative remedies.

first be presented to the Bureau of Prisons and thoroughly processed through its administrative grievance procedures.  (Doc. # 17 at 3-5).

Upon review of the respondent's response, on August 31, 2007, the court entered an order affording the petitioner an opportunity to show cause why his petition should not be dismissed for failure to exhaust administrative remedies.  (Doc. # 18).  The petitioner filed nothing in response to the court's order.

## DISCUSSION

A prisoner "seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, [is] subject to administrative exhaustion requirements."  *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004).  *See also United States v. Herrera*, 931 F.2d 761, (11th Cir. 1991). "Exhaustion of administrative remedies is jurisdictional."  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court."  *Gonzalez*, 959 F.2d at 212. *See also U.S. v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).  These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue prior to seeking relief in federal court.  *See* 28 C.F.R. §§ 542.10-15; *Herrera*, 931 F.2d at 764.  Thus, an inmate may seek federal habeas relief "[i]f, and only if, the [inmate] has pursued his available administrative remedies." *Herrera*, *supra*; *see also Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

It is undisputed that the Bureau of Prisons has an available administrative remedy and that Grannan has not availed himself of it. The undisputed evidentiary materials demonstrate that Grannan failed to file any administrative complaint challenging the actions about which he now complains. Although he was given an opportunity to dispute or otherwise respond to the respondent's affirmative defense that he failed to exhaust an available administrative remedy, Grannan has failed to do so. The court therefore concludes that Grannan's failure to exhaust available administrative remedies established by the Bureau of Prisons prior to seeking relief from this court requires dismissal of his claims.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and that this case be dismissed without prejudice to afford Grannan an opportunity to exhaust his administrative remedies in accordance with the procedures established by the Bureau of Prisons. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 24, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

 Done this 10th day of March, 2008.


       /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE